tion of competency and accordingly the petition was denied."

At the time set for arraignment in the state court, and on motion of counsel for appellant, appellant was committed to the Oregon State Hospital for observation, examination, and psychiatric evaluation, pursuant to O.R.S. 136.150, to determine his competency and ability to aid and assist in his defense.

On April 3, 1967, pursuant to a motion by appellant's counsel, a hearing was set on the question of appellant's competency to stand trial. Under O.R.S. 136.150, a pretrial competency hearing is required to be heard and determined by the court. Thereafter appellant filed a notice of intent to rely upon the defense of insanity in accordance with the provisions of O.R.S. 135.870, and on August 26, 1967, appellant entered pleas of "Not Guilty," and "Not Guilty by Reason of Insanity," to the crime charged in the indictment.

On Friday afternoon, September 8, 1967, a competency hearing commenced. Appellant was asked if he wished to waive jury trial. His affirmative answer was made part of the record.

On Monday, September 11, 1967, a written waiver of jury trial, required by Article I, Section 2 of the Oregon Constitution, was filed prior to completion of the competency hearing. At the start of the afternoon session, the court found appellant competent to stand trial. Subsequently trial before the court, sitting without a jury, commenced on the afternoon of September 11, and terminated on September 12, 1967, with a finding by the court of "Guilty."

The only issue presented on this appeal, which we deem it necessary to discuss, is stated by appellant in the following form:

"Was appellant denied his constitutional right to a trial by jury and if not, was appellant's purported waiver of a jury knowingly and intelligently accomplished?"

It is undisputed in the record that at the time the parties expressed their intention to waive a jury trial on the offense charged, and at the time of signing and filing of the written waiver of jury trial, appellant was still under the judicial declaration of incompetency entered and originally made in 1961, and reaffirmed on February 8, 1966.

Under the record before us, we conclude that appellant was denied his constitutional right to a jury trial. The written waiver of a jury trial, signed by appellant while under a judicial declaration of incompetency, is a nullity and cannot be equated with an intentional and intelligent waiver of a known right

The order of the district court dismissing appellant's petition for writ of habeas corpus is set aside and the case is remanded to the district court with instructions to grant the petition unless the State of Oregon, within a reasonable period of time, such period to be fixed by the district judge, shall grant appellant a new trial on the charge for which he was convicted.

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jack Junior BUCKLES, Defendant-
Appellant.**

**No. 72–1514
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 25, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

298

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1] The district Court did not err in refusing to allow appellant-defendant to withdraw his plea of guilty.

**Melvin Junior WELCH, Petitioner-Appellant,**

v.

**TEXAS BOARD OF PAROLE AND PARDON, Respondent-Appellee.**

No. 72–1361

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 31, 1972.

Melvin Junior Welch, pro se.

Crawford C. Martin, Atty. Gen. of Tex., Roland Daniel Green, III, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Appellant's petition to the district court in which he sought discharge from a Texas state detainer was dismissed as being frivolous.

█ In the absence of a certificate of probable cause, as is the case here, we are without jurisdiction to entertain his appeal. Hooks v. 4th District Court of Appeal, Fla., 5 Cir., 1971, 442 F.2d 1042; Hines v. Pitcher, 5 Cir., 1961, 440 F.2d 792. Cf. Stewart v. Beto, 5 Cir., 1971, 451 F.2d 185. There has been no application to the district court for a certificate of probable cause despite notice to appellant of the jurisdictional defect. The appeal will therefore be and it is

Dismissed.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* █ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.